UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CENTURY SURETY COMPANY,
an Ohio company,

          Petitioner,

v.

ADM CAPITAL GROUP, LLC d/b/a
OFF LEASE MOTORS, LLC;
OFF LEASE MOTORS OF
FREDERICKSBURG, LLC;
NESTOR DAVID MOLANO;
NICHOLAS PINEROS-MOLANO;
and CHRISTOPHER CODERRE,
as Parent and Next Friend of M.C.,
a minor,

          Respondents.

Civil Action No.:3:26-cv-27 Groh

> ELECTRONICALLY
> FILED
> 2/23/2026
> U.S. DISTRICT COURT
> Northern District of WV

## PETITION FOR DECLARATORY RELIEF

Petitioner, Century Surety Company ("Century"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 57 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., respectfully requests that this Court declare the rights and responsibilities of the parties relative to a contract of insurance.  In support of its request, Century states as follows:

### THE PARTIES

1. Petitioner Century is an insurance company organized under the laws of the State of Ohio, with its principal place of business in Michigan.

2. Respondent ADM Capital Group, LLC d/b/a Off Lease Motors, LLC, Off Lease Motors of Fredericksburg, LLC ("Off Lease") is a limited liability company registered with the Virginia State Corporation Commission under Entity Identification Number S7411111 and having a registered office address in Stafford, VA.

3.      Upon information and belief, Respondent Nicholas Pineros-Molano ("Pineros-Molano") is a resident of Charles Town, WV, living with his parents Angela and Carlos Pineros.

4.      Upon information and belief, Respondent Nestor David Molano ("Molano") is a resident of Prince William County, Virginia, and is Pineros-Molano's uncle.

5.      Respondent Christopher Coderre, as Parent and Next Friend of M.C., a minor ("Coderre"), the Plaintiff in the Underlying Lawsuit, is a resident of Charles Town, WV.

6.      This declaratory judgment action arises as a result of a request for defense and indemnity by Off Lease in Civil Action No. 25-C-272 styled *Christopher Coderre as Parent and Next Friend of M.C., a minor, v. ADM Capital Group, LLC d/b/a Off Lease Motors LLC, et al.* ("Lawsuit" or "Underlying Lawsuit"), currently pending in the Circuit Court of Jefferson County, West Virginia.

7.      The Underlying Lawsuit seeks damages from Off Lease as a result of an automobile collision on February 10, 2025 resulting in serious injuries to M.C., a minor, that required extensive medical treatment.

## JURISDICTION AND VENUE

8.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332, because complete diversity of citizenship exists among the parties in this Complaint, and the amount in controversy exceeds $75,000.

9.      This Court has jurisdiction to enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57.

10.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the dispute occurred in this District.

2

11.    Upon information and belief, Respondents Coderre and Pineros-Molano reside in Charles Town, WV.

**FACTS**

I.    **The Policy**

12.    Century issued Policy No. CCP 1270152 to ADM Capital Group LLC d/b/a Off Lease Motors, Off Lease Motors of Fredericksburg, LLC with a policy period of November 12, 2024 to November 12, 2025.  The Auto Dealers Coverage Form ("Auto Policy") has a policy limit of $100,000 "Each 'Accident'".  A true and correct copy of the Policy is attached hereto as *Exhibit A*.

13.    The Auto Dealers Coverage Form Declarations, CAG 1700 0214, contains a Schedule of Coverages and Covered Autos. Specifically, Covered Autos Symbols 22 and 29 are listed under the Covered Autos Liability section on the Schedule of Covered Autos. *See, Auto Dealers Coverage  Form Declarations (CAG 1700 0214), Exhibit A, p. 12.*

14.    The Auto Policy (CA 00 25 10 13) defines Covered Auto Symbol 22, Owned "Autos" Only, as "Only those "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins." *See, Auto Dealers Coverage Form (CA 00 25 10 13), Exhibit A, p. 21.*

15.    The Auto Policy (CA 00 25 10 13) defines Covered Auto Symbol 29, Non-owned "Autos" Used In Your "Auto" Dealership, as "Any "auto" you do not own, lease, hire, rent or borrow used in connection with your "auto" dealership described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a

3

limited liability company) or members of their households while used in your "auto" dealership,"

*See, Auto Dealers Coverage Form (CA 00 25 10 13), Exhibit A, p. 21.*

16. The 2016 Toyota Camry involved in the accident referenced below does not meet the definition of a covered "auto" under either Symbols 22 or 29 on the Schedule of Covered Autos.

17. The Auto Policy (CA 00 25 10 13) identifies the coverage provided by the Century Policy.

18. The Auto Policy (CA 00 25 10 13), specifically Section I – Covered Auto Coverages, provides the following Insuring Agreement:

**Section I – COVERED AUTO COVERAGES**

**D. Covered Autos Liability Coverage**

**1. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered "Autos" Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

*See, Auto Dealers Coverage Form (CA 00 25 10 13), Exhibit A, p. 22.*

19.　　　The Auto Policy (CA 00 25 10 13), Section I – Covered Auto Coverages, provides the following as to who is an Insured:

**2. Who Is An Insured**

The following are "insureds" for covered "autos":
a. You for any covered "auto".
b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
(1) The owner or anyone else from whom you hire or borrow a covered "auto".

d. Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

*See, Auto Dealers Coverage Form (CA 00 25 10 13), Exhibit A, p. 23.*

20.　　　The Auto Policy (CA 00 25 10 13), specifically Section II – General Liability Coverages, provides the following Insuring Agreement:

**SECTION II – GENERAL LIABILITY COVERAGES**

**A.  Bodily Injury and Property Damage Liability**

**1.  Coverage**

**a.**  We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident", and resulting from your "auto dealer operations" other than the ownership, maintenance or use of "autos". We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. But:
(1) The amount we will pay for damages is limited as described in Paragraph **F.** Limits Of Insurance - General Liability Coverages; and
(2) Our duty to defend or settle ends when the applicable limit of insurance has been exhausted by payment of judgments or settlements under Paragraph **A.** Bodily Injury And Property Damage Liability or **B.** Personal And Advertising Injury Liability or medical expenses under Paragraph **C.** Locations And Operations Medical Payments.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

**b.** This insurance applies to "bodily injury" and "property damage" only if:
**(1)** The "accident" occurs in the coverage territory;
**(2)** The "bodily injury" or "property damage" occurs during the policy period;

\*\*\*

*See, Auto Dealers Coverage Form (CA 00 25 10 13), Exhibit A, p. 31.*

21.    The Auto Policy (CA 00 25 10 13), Section II – General Liability Coverages,

includes the following exclusionary language, as provided in pertinent part:

**2. Exclusions**

This insurance does not apply to any of the following:

\*\*\*

g.  **Aircraft, Auto or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any "insured". Use includes operation and "loading or unloading".

This exclusion applies *even* if the claims against any "insured" allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that "insured", if the "accident" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any "insured".

This exclusion does not apply to:
**(1) A** watercraft while ashore on premises where you conduct "auto dealer operations";
**(2) A** watercraft you do not own that is:
**(a)** Less than 26 feet long; and
**(b)** Not being used to carry persons or property for a charge; or
**(3)** Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft.

*See, Auto Dealers Coverage Form (CA 00 25 10 13), Exhibit A, pp. 32-34.*

22.    The Auto Policy (CA 00 25 10 13), Section II – General Liability Coverages,

provides the following as to who is an Insured:

**D. Who is An Insured**

The following are "insureds" for General Liability Coverages:
1. You.
2. Your partners and their spouses, if you are a partnership, but only with respect to the conduct of your "auto dealer operations".
3. Your members, if you are a limited liability company, but only with respect to the conduct of your "auto dealer operations". Your managers are also "insureds", but only with respect to their duties as your managers.
4. Your "executive officers" and directors, if you are an organization other than a partnership or limited liability company, but only with respect to their duties as your officers or directors. Your stockholders are also "insureds", but only with respect to their liability as stockholders.
5. Your "employees", other than either your "executive officers" (if you are an organization other than a partnership or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of employment by you or while performing duties related to the conduct of your "auto dealer operations". However, no "employee" is an "insured" for:

**a.** "Bodily injury" or "personal and advertising injury":
  **(1)** To you (if you are an individual), your partners (if you are a partnership), your members (if you are a limited liability company) or a fellow "employee" of the "insured" while in the course of his or her employment or while performing duties related to the conduct of your "auto dealer operations";
  **(2)** To the spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph **(1)** above;
  **(3)** For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraph **(1)** or **(2)** above; or
  **(4)** Arising out of his or her providing or failing to provide professional health care services.

**b.** "Property damage" to property:
  **(1)** Owned, occupied or used by;
  **(2)** Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by you, any of your "employees", any partner or member (if you are a partnership), or any member (if you are a limited liability company).

\*\*\*

*See, Auto Dealers Coverage Form (CA 00 25 10 13), Exhibit A, p. 38.*

23. The Auto Policy (CA 00 25 10 13), specifically Section III – Acts, Errors or Omissions Liability Coverages, provides the following Insuring Agreement:

**SECTION III – ACTS, ERRORS OR OMISSIONS LIABILITY COVERAGES**

**A. Coverage**

We will pay all sums that an "insured" legally must pay as damages because of any "act, error or omission" of the "insured" to which this insurance applies and arising out of the conduct of your "auto dealers operations", but only if the "act, error or omission" is committed in the coverage territory during the policy period.

We will have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "acts, error or omissions" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. But:
**1.** The amount we will pay for damages is limited as described in Paragraph **E.** Limits Of Insurance And Deductible; and
**2.** Our duty to defend or settle ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **D.** Supplementary Payments.

*See, Auto Dealers Coverage Form (CA 00 25 10 13), Exhibit A, pp. 39-40.*

24. The Auto Policy (CA 00 25 10 13), Section III – Acts, Errors or Omissions Liability Coverages, includes the following exclusionary language, as provided in pertinent part:

**B. Exclusions**

This insurance does not apply to:

**1. Criminal, Fraudulent, Malicious, Dishonest Or Intentional Acts**

Damages arising out of any criminal, fraudulent, malicious, dishonest or intentional "act, error or omission" by an "insured", including the willful or reckless violation of any law or regulation. However, this exclusion does not apply to any "insured" who did not:

**a.** Personally commit;
**b.** Personally participate in;

8

**c.** Personally acquiesce to; or

**d.** Remain passive after having knowledge of; any such "act, error or omission".

\*\*\*

*See, Auto Dealers Coverage Form (CA 00 25 10 13), Exhibit A, p. 40.*

25.    The Auto Policy (CA 00 25 10 13), Section III – Acts, Errors or Omissions Liability

Coverages, provides the following as to who is an Insured:

**C. Who Is An Insured**

The following are "insureds" for "acts, errors or omissions":

**1.** You.

**2.** Your partners and their spouses, if you are a partnership, but only with respect to the conduct of your "auto dealer operations".

**3.** Your members, if you are a limited liability company, but only with respect to the conduct of your "auto dealer operations". Your managers are also "insureds", but only with respect to their duties as your managers.

**4.** Your "executive officers" and directors, if you are an organization other than a partnership or limited liability company, but only with respect to their duties as your officers or directors. Your stockholders are also "insureds", but only with respect to their liability as stockholders.

**5.** Your "employees", other than either your "executive officers" (if you are an organization other than a partnership or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of employment by you or while performing duties related to the conduct of your "auto dealer operations".

*See, Auto Dealers Coverage Form (CA 00 25 10 13), Exhibit A, p. 41.*

26.    The Auto Policy (CA 00 25 10 13), specifically Section IV – Conditions, contains

certain conditions.

**SECTION IV – CONDITIONS**

The Following conditions apply in addition to the Common Policy Conditions:

\*\*\*

**A.  Loss Conditions**
\*\*\*
**B.  General Conditions**
\*\*\*
**5. Other Insurance**

9

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Covered Autos Liability Coverage this Coverage Form provides for the "trailer" is:

> (1) Excess while it is connected to a motor  vehicle you do not own; or
> (2) Primary while it is connected to a covered "auto" you own.

\*\*\*

**c.** Regardless of the provisions of Paragraph a. above, this Coverage Form's Covered Autos Liability Coverage is primary for any liability assumed under an "insured contract".

**d.** For General Liability and "Acts, Errors Or Omissions" Liability Coverages, this insurance is primary except when e. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in f. below.

**e.** This Coverage Form is excess over any other insurance, whether primary, excess, contingent or on any other basis:

\*\*\*

> **(4)** That is specifically written to apply as primary insurance for liability arising out of your "acts, errors or omissions".

**f.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us applies to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

*See, Auto Dealers Coverage Form (CA 00 25 10 13), Exhibit A, pp. 42-45.*

27.     The Auto Policy (CA 00 25 10 13), specifically Section V – Definitions, provides

the following definitions within the Policy.

**SECTION V - DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Act, error or omission" means any actual or alleged negligent act, error or omission committed by an "insured" in the course of your "auto dealer operations" arising:

**1.** Out of an "insured's" failure to comply with any local, state or federal law or regulation concerning the disclosure of credit or lease terms to consumers in connection with the sale or lease of an "auto" in your "auto dealer operations", including, but not limited to, the Truth In Lending and Consumer Leasing Acts;
**2.** Out of an "insured's" failure to comply with any local, state or federal law or regulation concerning the disclosure of accurate odometer mileage to consumers in connection with the sale or lease of an "auto" in your "auto dealer operations";
**3.** In an "insured's" capacity as an insurance agent or broker in the offering, placement or maintenance of any "auto" physical damage, auto loan/lease gap, credit life or credit disability insurance sold in connection with the
sale or lease of an "auto" in your "auto dealer operations", but only if the "insured" holds a valid insurance agent or broker license at the time the "act, error or omission" is committed, in the jurisdiction in which your "auto dealer operations" is located, if required to do so by such jurisdiction; and
**4.** Out of a defect in title in connection with the sale or lease of an "auto" in your "auto dealer operations".

\*\*\*

**D.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**E.** "Auto dealer operations" means the ownership, maintenance or use of locations for an "auto" dealership and that portion of the roads or other accesses that adjoin these locations. "Auto dealer operations" also include all operations necessary or incidental to an "auto" dealership.

**F.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

\*\*\*

**J.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

11

\*\*\*

**M.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

*See, Auto Dealers Coverage Form (CA 00 25 10 13), Exhibit A, pp. 45-46.*

28.     The Auto Policy contains the following endorsement, specifically the Exclusion – Acts, Errors or Omissions Liability Coverages, which modifies the coverage:

**EXCLUSION –
ACTS, ERRORS OR OMISSIONS LIABILITY COVERAGES**

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Section III – Acts, Errors Or Omissions Liability Coverage** does not apply and none of the references to "Acts, Errors or Omissions" Liability Coverages or Acts, Errors or Omissions Liability in the Coverage Form, Declarations or any endorsement attached to the Coverage Form apply.

*See Endorsement CA 25 63 10 13, Exhibit A, p. 57.*

29.     The Auto Policy contains the following endorsement, specifically the Special Exclusions and Limitations Endorsement, which modifies the coverage:

**SPECIAL EXCLUSIONS AND LIMITATIONS ENDORSEMENT**

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM

**CHANGES APPLICABLE TO SECTION I – COVERED AUTOS COVERAGE; AND SECTION II – GENERAL LIABILITY COVERAGES**

**A.** The following exclusions are added to:

**1.** Section I - Covered Auto Coverages, Coverage **D.** Covered Autos Liability Coverage, paragraph **4.,** Exclusions;
and
**2.** Section II - General Liability Coverages, Coverage **A.** Bodily Injury And Property Damage Liability, paragraph **2.,**
Exclusions.

This insurance does not apply to:

\*\*\*

**Criminal Acts**

"Bodily injury" or "property damage" arising directly or indirectly out of, or resulting from a criminal act committed by any "insured"; or at the direction of any "insured".

**Negligent Entrustment**

"Bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from in whole or part, the negligent entrustment of any "auto".

However, when coverage is required by compulsory or financial responsibility law, then the minimum limit required by that statute will apply and no other limits will be applicable.

**CHANGES APPLICABLE TO SECTION I – COVERED AUTOS LIABILITY COVERAGE**

**A.** The changes shown below are applicable to Section I - Covered Autos Coverages, paragraph **D.,** Covered Autos Liability Coverage, sub-paragraph **4.,** Exclusions.

**Leased, Rented or Loaned Autos**
Item **g.,** Leased Autos, is deleted in its entirety and replaced with the following.
This insurance does not apply to "bodily injury" or "property damage" arising out of the ownership, maintenance or use of:

**g. Leased, Rented or Loaned Autos**

Any covered "auto":

**(1)** Leased to others; or
**(2)** Rented to others; or
**(3)** Loaned to others.
Any "auto" bearing a dealer plate or tag in which the dealer plate or tag has been:

**(1)** Leased to others; or
**(2)** Rented to others; or
**(3)** Loaned to others.

\*\*\*

B.   The following are added to Section **I** – Covered Autos Coverages, paragraph **D.**, Covered Autos Liability Coverage, sub-paragraph 4., Exclusions.
This insurance does not apply to any of the following:

\*\*\*

**Transfer of Ownership or Possession**

"Bodily injury" or "property damage" occurring after the transfer of title or possession of an "auto" that has been surrendered to another person or entity pursuant to sale, conditional sale, gift, abandonment, or lease.

**C.** The following are added to Section I - Covered Autos Coverages, paragraph **D.,** Covered Autos Liability Coverages, sub-paragraph **5.,** Limit of Insurance - Covered Autos Liability.

**Statutory Compulsory or Financial Responsibility**

In the event that a policy exclusion is deemed to be unenforceable, the maximum Limit Of Insurance for Covered Autos Liability is the compulsory or financial responsibility law limit of the state where the "accident" or "loss" occurred.

**Vicarious Liability**

In the event that vicarious liability is imposed upon the "insured" by statute or other law arising out of or resulting from an "accident" in the course of operating a covered "auto", the maximum limit of liability for that "accident" afforded by this policy is the compulsory or financial responsibility law limit of the state where the "accident" or "loss" occurred.

This coverage does not apply to claims against any "insured" alleging the negligent entrustment of an "auto" by an "insured" to another.

\*\*\*

**CHANGES APPLICABLE TO SECTION V – DEFINITIONS**

**A.** The changes below are made to Section **V** - Definitions.

**Accident**

Paragraph **A.,** "Accident" is deleted in its entirety and replaced with the following:

**A.** "Accident" includes continuous or repeated exposure to substantially the same general harmful conditions. All "bodily injury" or "property damage" arising out of an "accident" or series of related "accidents" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving and even though the "accident" causing such "bodily injury" or "property damage", may be continuous or repeated exposure to substantially the same general harmful conditions.

**Employee**

Paragraph **J.,** "Employee" is deleted in its entirety and replaced with the following:
**J.** "Employee" includes a "leased worker", a "temporary worker" and a "volunteer worker".

*See Endorsement CAG 1701 0223, Exhibit A, pp. 59-67.*

30.    The Auto Policy contains the following endorsement, specifically the Limitation –

Covered Auto Personal Use, which modifies the coverage:

### LIMITATION – COVERED AUTO PERSONAL USE

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM

**A.** The coverages provided by Section I - Covered Autos Coverages; paragraph **D.,** Covered Autos Liability Coverage includes personal use of a covered "auto" for operations not directly related to the covered "auto dealer operations" as described in **CAG 1719,** Limitation of Coverage - Schedule of Operations.
However, this personal use is limited to the usage of a covered "auto" only by the individuals named in the Schedule above.

If required by statute, ordinance or regulation, coverage is also provided for "insureds" not shown in the Schedule above for "bodily injury" or "property damage" caused by an "accident" and resulting from personal use of a covered "auto" for operations not directly related to the covered "auto dealer operations" as described in **CAG 1719,** Limitation of Coverage - Schedule of Operations. However, the maximum Limit of Insurance for this coverage is the financial responsibility limit of the state where the "accident" or "loss" occurred.

*See Endorsement CAG 1704 0519, Exhibit A, p. 70.*

15

31.    The Auto Policy contains the following endorsement, specifically the Drivers Without a Proper Operator's License or Drivers Under the Age of 21, which modifies the coverage:

**DRIVERS WITHOUT A PROPER OPERATOR'S LICENSE**
**OR DRIVERS UNDER THE AGE OF 21**

This endorsement modifies insurance provided under the following form:

AUTO DEALERS COVERAGE FORM

**A.** The following paragraph is added to subparagraph **5.,** Limit of Insurance and Deductibles of Section I – Covered Autos Coverages, paragraph **D.,** Covered Autos Liability Coverage:

\*\*\*

**2. Reduced Limit of Insurance - Insured Drivers Under 21**
The maximum limit of liability afforded by this policy for an "accident" or "loss" involving any driver under the age of twenty-one (21) shall not exceed the compulsory or financial responsibility law limit required by the state in which the "accident" occurs, whether:
**a.** On public or nonpublic land; or
**b.** On private roads, public roads or other traffic thruways; or
**c.** On parking lots or similar areas; or
**d.** Within an enclosed or semi-enclosed structure, including but not limited to garages, car washes and similar structures.

This reduced liability limit applies even if the claims against any "insured" allege negligence or other wrongdoing in the supervision, hiring, employment, training, monitoring of, or entrustment to others by that "insured", if the "accident" or "loss" which caused the "bodily injury" or "property damage" involved the ownership, maintenance or use of any "auto" that is owned or operated by or rented or loaned to any "insured".

**B.** The following exclusions are added to:

\*\*\*

**3.** Subparagraph **2.** Exclusions of Section II - General Liability Coverages, paragraph **A.,** Bodily Injury And Property Damage Liability; and

\*\*\*

**5.** Subparagraph **2.** Exclusions of Section II - General Liability Coverages, paragraph **C.,** Locations and Operations Medical Payments:

16

This insurance does not apply to "loss", glass breakage, "bodily injury", "property damage", damages, loss of use expenses, or medical expenses arising out of or alleged to arise out of:

\*\*\*

**2. Drivers Under 21**
The use of any "auto" by any driver who, at the time of the event giving rise to the "loss", glass breakage, "bodily injury", "property damage", damages, or medical expenses, was under the age of twenty-one (21), whether:
**a.** On public or nonpublic land; or
**b.** On private roads, public roads or other traffic thruways; or
**c.** On parking lots or similar areas; or
**d.** Within an enclosed or semi-enclosed structure, including but not limited to garages, car washes and similar structures.

This exclusion applies even if the claims against any "insured" allege negligence or other wrongdoing in the supervision, hiring, employment, training, monitoring of, or entrustment to others by that "insured", if the event giving rise to the "loss", glass breakage, "bodily injury", "property damage", damages, or medical expenses involved the use of any "auto" by any driver who was under the age of twenty-one (21).

*See Endorsement CAG 1717 0623, Exhibit A, pp. 76-77.*

## II.   The Underlying Lawsuit

32.     On or about November 4, 2025, Christopher Coderre, as Parent and Next Friend of M.C., a minor ("Plaintiff"), commenced the Lawsuit against Jacqueline Adrienne Barrett, Nicholas Pineros-Molano, Angela Pineros, Carlos Pineros, Nestor David Molano, ADM Capital Group, LLC d/b/a Off Lease Motors, LLC in the Circuit Court of Jefferson County, West Virginia. The "underlying lawsuit" is styled *Christopher Coderre as Parent and Next Friend of M.C., a minor, Plaintiff v. ADM Capital Group, LLC d/b/a Off Lease Motors LLC, et al., Defendants,* Circuit Court of Jefferson County, West Virginia, Civil Action No. 25-C-272. A true and correct copy of the Plaintiff's Complaint is attached hereto as *Exhibit B*.

17

33.     The Lawsuit asserts five Counts and identifies a Notice Defendant.

34.     Count I of the Complaint contains allegations against a defendant other than Off Lease, Pineros-Molano, and Molano. See, *Exhibit B,* Complaint, Count I, ¶¶ 51-64.

35.     Count II of the Complaint is a Negligence count asserted against Pineros-Molano. *Id.* at Count II, ¶¶ 65-76.

36.     In this count, it is alleged that Pineros-Molano had a duty to all other motorists to follows the rules of the road, to act reasonably while operating a motor vehicle, to avoid colliding with other vehicles, to maintain control of his vehicle, to maintain an appropriate lookout at all times while driving, to yield the right of way, to drive an appropriate speed given the conditions, to obey traffic signals, and to drive without distraction from mobile phones and other electronic devices. *Id.* at ¶¶ 66-74.

37.     Pineros-Molano, per the Complaint, resides with his parents in Charles Town, West Virginia. *Id.* at ¶ 5.

38.     Per the Complaint, Pineros-Molano resided with his parents in West Virginia, but also resided with his uncle, Nestor David Molano ("Molano") in Virginia. Pineros-Molano is also alleged to have worked for his uncle's company, Off Lease.  *Id.* at ¶¶ 24-25.

39.     On or about February 10, 2025 Pineros-Molano was driving from his parents' house in Charles Town to watch a high school basketball game. *Id.* at ¶ 13.

40.      M.C., the minor Plaintiff, was a rear seat passenger in Pineros-Molano's vehicle at the time of the accident.  *Id.* at ¶ 14.

41.     Adrienne Barrett ("Barrett") was driving a Chevrolet Pickup Truck and was traveling in the opposition direction of Pineros-Molano. Pineros-Molano is alleged to have made

18

a left turn through intersection on a yellow light and is alleged to have turned left into Barrett's truck, resulting in a collision. *Id.* at ¶¶ 15-22.

42.     M.C. is alleged to have suffered serious and significant injuries as a result of the collision. *Id.* at ¶23.

43.     Count III of the Complaint is a Negligence count asserted against Molano. *Id.,* at Count III, ¶¶ 77-84.

44.     In this count, it is alleged that Molano provided a Virginia Temporary Tag and Bill of Sale showing Pineros-Molano was the purchaser of the 2016 Toyota Camry, yet the vehicle actually belonged to Molano and was loaned to Pineros-Molano for the convenience of driving back to his residence in West Virginia. *Id.* at ¶ 78.

45.     It is alleged that Molano had a duty to all other motorists to ensure that Pineros-Molano was a safe driver before permitting him to use vehicles belonging to Molano and to ensure that Pineros-Molano abide by the rules of the road. *Id.* at ¶¶ 79-80.

46.     It is further alleged that Molano breached his duties, was negligent and grossly negligent and engaged in willful and wanton conduct when he permitted Pineros-Molano to use the 2016 Toyota Camry for the convenience of driving back to his residence in West Virginia, despite having knowledge of his reckless driving. *Id.* at   ¶¶ 81-82.

47.     Finally, it is alleged that Molano negligently entrusted the 2016 Toyota Camry to Pineros-Molano. *Id.* at ¶¶ 82-83.

48.     Per the Complaint, Molano is the uncle of Nicholas Pineros-Molano. *Id.* at ¶ 6.

49.     Molano is alleged to be the member and manager of ADM Capital Group, LLC d/b/a Off Lease Motors, LLC. *Id.* at ¶ 7.

50.     Per the Complaint, upon information and belief, the 2016 Toyota Camry driven by Pineros-Molano was a vehicle Molano permitted Pineros-Molano to borrow on the date of the accident.  *Id.* at ¶ 28.

51.     Per the Complaint, the 2016 Toyota Camry had a Virginia temporary tag identifying Pineros-Molano as the purchaser of the vehicle.  The vehicle had a temporary tag issued to Pineros-Molano. The Complaint contains an image of the Temporary Certificate identifying Pineros-Molano as the purchaser with a January 16, 2025 date of sale.  *Id.* at ¶¶ 29-31.

52.     The Complaint alleges that the temporary tag had a box checked indicating that the vehicle was insured meeting the necessary requirements and that Molano checked the box on the tag.  The Complaint further alleges that there was no  insurance on the 2016 Toyota Camry. *Id.* at ¶¶ 34-35.

53.     Per the Complaint, Molano drafted a "Bill of Sale" indicating that Off Lease sold the 2016 Toyota Camry to Pineros-Molano. The Bill of Sale, in the section titled "Insurance Information" states that "No Liability Insurance  Included" and that the "Buyer has arranged for insurance on the motor vehicle." The spaces on the Bill of Sale for the "Buyer's Insurance Company" and "Policy No." are left blank. There is no liability insurance on the 2016 Toyota Camry. *Id.* at ¶¶ 36-39.

54.     The Complaint alleges that Molano failed to abide by Virginia law in ensuring that the 2016 Toyota Camry  had liability insurance. *Id.* at ¶ 40.

55.     The Complaint also alleges that Pineros-Molano was using the 2016 Toyota Camry as a loaner with the express or implied permission of Molano. It is alleged that Molano knew that Pineros-Molano had a history of dangerous driving.  *Id.* at ¶¶ 42-44.

56.     Count IV of the Complaint is a Negligence count asserted against Off Lease. See, *Exhibit B,* Complaint, Count IV, ¶¶ 85-90.

57.     In this count, it is alleged that Off Lease had a duty to ensure its employees were safe drivers before permitting them to use vehicles belonging to Off Lease, to ensure its employees abide by the rules of the road, and not to permit employees who had been charged with multiple serious and dangerous traffic offenses to borrow cars for their own convenience. *Id.* at ¶¶ 86-88.

58.     It is further alleged that Off Lease engaged in willful and wanton conduct when it permitted Pineros-Molano to use the 2016 Toyota Camry. *Id.* at ¶ 89.

59.     Off Lease is registered to do business in the Commonwealth of Virginia. *Id.* at ¶ 8.

60.     Per the Complaint, upon information and belief, Pineros-Molano was permitted to borrow cars belonging to Off Lease to drive home to his parents' residence in West Virginia. *Id.* at ¶ 27.

61.     Per the Complaint, Off Lease knew or should have known about its employee, Pineros-Molano receiving two serious speeding offenses and should not have alleged Pineros-Molano to use its vehicles for his own convenience. *Id.* at ¶¶ 46-47.

62.     Count V of the Complaint is an Alter Ego/Piercing the Corporate Veil count. See, *Exhibit B,* Complaint, Count V, ¶¶ 91-101.

63.     In this count, it alleges that Off Lease was an alter ego of Molano, that Molano exercised control over Off Lease in respect to the transaction and conduct at issue, that Molano commingled personal and corporate assets using Off Lease as an instrumentality for his benefit, and that Molano used Off Lease to perpetrate the wrongful acts of permitting uninsured vehicles to operate on public roads and shielding himself from liability for negligent hiring, training, and supervision. *Id.* at ¶¶ 92-93; 96-97.

64. It is alleged that Off Lease failed to observe corporate formalities, was inadequately capitalized, and its corporate structure was abused in such a manner that separating the corporate entity would promote injustice and shield the responsible party from liability. *Id.* at ¶¶ 94-95; 99.

65. It is further alleged that, while the 2016 Toyota Camry had a temporary tag and bill of sale showing it had been sold to Pineros-Molano, the pattern of Pineros-Molano using multiple vehicles for his own convenience shows that the vehicle belonged to Off Lease or Molano. *Id.* at ¶ 98.

66. Finally, a Notice Defendant is identified in the Complaint, USAA Garrison Property and Casualty Insurance Company. It is alleged to provide underinsured motorist coverage to the Plaintiff and to be in excess of the liability of the other insurance policies. *Id.* at ¶ 9.

**COUNT I**
**(No coverage available as the 2016 Toyota Camry is not a covered "auto")**

67. Century repeats and realleges each of the foregoing paragraphs as if set forth fully herein.

68. The Policy's Section I – Covered Autos Liability Coverage, Section D(1) states that, Century will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos".

69. Symbols 22 and 29 are identified as the Covered Autos Symbols.

70. Symbol 22 is defined within the Policy as "[o]nly those "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins."

71. Symbol 29 is defined within the Policy as "Any 'auto' you do not own, lease, hire rent or borrow used in connection with your 'auto' dealership described in the Declarations. This

includes 'autos' owned by your 'employees' or partners (if you are a partnership), members (if you are a limited liability company) or members of their households while used in your 'auto' dealership."

72.     In the Lawsuit, Plaintiff alleges that Pineros-Molano purchased the 2016 Toyota Camry from Off Lease. See, *Exhibit B,* Complaint, ¶ 36.

73.     As the vehicle was not owned by Off Lease, the 2016 Toyota Camry does not meet the definition of a covered auto under Symbol 22.

74.     In the Lawsuit, the Plaintiff's Complaint alleges that Pineros-Molano was driving from his parents' house to watch a basketball game. *Id.* at ¶ 13.

75.     The 2016 Toyota Camry does not meet the definition of a covered auto under symbol 29 as it was not used in connection with the auto dealership.

76.     Accordingly, the accident did not arise from the ownership, maintenance or use of a covered auto under Covered Autos Liability Coverage.

77.     By reason of the foregoing, Century is entitled to a declaration that it owes no coverage to Off Lease, as the 2016 Toyota Camry does not meet the definition of a covered "auto" under either Symbol 22 or 29, in accordance with the Policy.

**COUNT II**
**(No coverage available as Pineros-Molano is not an insured)**

78.     Century repeats and realleges each of the foregoing paragraphs as if set forth fully herein.

79.     While Off Lease and Pineros-Molano would meet the definition of "insureds" under Covered Autos Liability, if the auto was a covered auto, Pineros-Molano does not meet the definition of an insured under Covered Autos Liability Coverage, and the 2016 Toyota Camry is not a covered auto under the Policy.

80.    The Covered Autos Liability Coverage includes an employee in the definition of an insured for covered autos.

81.    In the Lawsuit, the Plaintiff's Complaint alleges that Pineros-Molano was an employee of Off Lease. See, *Exhibit B,* Complaint, ¶ 26.

82.    In the Lawsuit, the Plaintiff's Complaint alleges that Pineros-Molano was driving the 2016 Toyota Camry from his parents' house to a basketball game. *Id.* at ¶ 13.

83.    Pineros-Molano was not using a covered auto in connection with the business of Off Lease or Molano's personal affairs.

84.    Therefore, there is no coverage under Section I – Covered Autos Liability Coverage as the 2016 Toyota Camry was not a covered auto and Pineros-Molano does not meet the definition of insured applicable to this coverage.

85.    By reason of the foregoing, Century is entitled to a declaration that it owes no duty to defend and/or indemnity Off Lease, Molano or Pineros-Molano under Covered Autos Liability Coverage as the 2016 Toyota Camry does not meet the definition of a covered "auto" and Pineros-Molano does not meet the definition of an insured in accordance with the Policy.

## COUNT III
**(No coverage available as Pineros-Molano does not meet the definition of an "insured")**

86.    Century repeats and realleges each of the foregoing paragraphs as if set forth fully herein.

87.    The Policy's Section II – General Liability Coverage, A(1) states that, Century will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" caused by an "accident" and resulting from your "auto dealer operations" other than the ownership, maintenance or use of "autos".

88.     Under this section of the Policy, Off Lease meets the definition of an "insured" under this coverage. Additionally, under this section of the Policy, Molano meets the definition of an "insured" under this coverage.

89.     However, under this section of the Policy, Pineros-Molano does not meet the definition of an "insured" under this coverage.

90.     While Pineros-Molano is alleged to be an employee of Off Lease, he was not performing duties related to the "auto dealer operations", nor was he acting within the scope of his alleged employment when using the 2016 Toyota Camry to attend a high school basketball game.

91.     Therefore, there is no coverage under Section II – General Liability Coverage as Pineros-Molano was not performing duties related to the "auto dealer operations" and he was not acting within the scope of his alleged employment.

92.     By reason of the foregoing, Century is entitled to a declaration that it owes no coverage to Off Lease, as Pineros-Molano does not meet the definition of an "insured" in accordance with the policy.

## COUNT IV
**(Coverage is excluded for the Lawsuit under the General Liability coverage exclusion)**

93.     Century repeats and realleges each of the foregoing paragraphs as if set forth fully herein.

94.     The General Liability Coverage under the Policy contains certain exclusions.

95.     Specifically, there is an exclusion for "bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any "auto" owned or operated by or rented or loaned to any "insured". The term "use" includes operation and "loading or unloading".

25

96.     This exclusion applies even if the claims against any "insured" allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that "insured", if the "accident" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any "auto" that is owned or operated by or rented or loaned to any "insured".

97.     Therefore, given that the accident involved the use of an "auto" and the allegations include negligent entrustment, coverage is excluded under the General Liability Coverage of the Policy for Off Lease, Molano or Pineros-Molano.

98.     By reason of the foregoing, Century is entitled to a declaration that it owes no duty to defend and/or indemnify Off Lease, Molano or Pineros-Molano, as coverage is excluded under the General Liability Coverage in accordance with the Policy.

**COUNT V**
**(No coverage available as Molano personally committed/participated in a criminal act)**

99.     Century repeats and realleges each of the foregoing paragraphs as if set forth fully herein.

100.     The Acts, Errors or Omissions Liability Coverage under the Policy contains certain exclusions.

101.     Specifically, there is an exclusion for damages arising out of any criminal, fraudulent, malicious, dishonest or intentional "act, error or omission" by an "insured", including the willful or reckless violation of any law or regulation.

102.     Per the Complaint, Molano drafted a "Bill of Sale" indicating that Off Lease sold the 2016 Toyota Camry to Pineros-Molano. The Bill of Sale, in the section titled "Insurance Information" states that "No Liability Insurance Included" and that the "Buyer has arranged for insurance on the motor vehicle." The spaces on the Bill of Sale for the "Buyer's Insurance

26

Company" and "Policy No." are left blank. There is no liability insurance on the 2016 Toyota Camry. *Id.* at ¶¶ 36-39.

103. The Complaint alleges that Molano failed to abide by Virginia law in ensuring that the 2016 Toyota Camry had liability insurance. *Id.* at ¶ 40.

104. Therefore, given that Molano violated Virginia law by failing to ensure that the 2016 Toyota Camry had liability insurance, there is no coverage under Section III – Acts, Errors or Omissions Liability Coverage for Off Lease, Molano, or Pineros-Molano.

105. By reason of the foregoing, Century is entitled to a declaration that it owes no coverage to Off Lease, Molano or Pineros-Molano, as coverage is excluded under the Acts, Errors or Omissions Liability Coverage in accordance with the Policy.

## COUNT VI
### (No coverage available under the Other Insurance provision)

106. Century repeats and realleges each of the foregoing paragraphs as if set forth fully herein.

107. The Section IV – Condition provision of the Policy, 5(a) states that For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.

108. In the Lawsuit, Plaintiff alleges that Pineros-Molano purchased the 2016 Toyota Camry from Off Lease. See, *Exhibit B,* Complaint, ¶ 36.

109. As the vehicle was not owned by Off Lease, the 2016 Toyota Camry does not meet the definition of a covered auto under Symbol 22.

110. In the Lawsuit, the Plaintiff's Complaint alleges that Pineros-Molano was driving from his parents' house to watch a basketball game. *Id.* at ¶ 13.

111. The 2016 Toyota Camry does not meet the definition of a covered auto under symbol 29 as it was not used in connection with the auto dealership.

112. Accordingly, the 2016 Toyota Camry is not a covered "auto" under both Symbol 22 and 29 of the Policy, and the Other Insurance Condition is not applicable.

113. By reason of the foregoing, Century is entitled to a declaration that it owes no coverage to Off Lease or Molano under the Other Insurance Condition, as the 2016 Toyota Camry does not meet the definition of a covered "auto", in accordance with the Policy.

**COUNT VII**
**(Coverage is excluded for the Lawsuit under Endorsement CA 25 63 10 13)**

114. Century repeats and realleges each of the foregoing paragraphs as if set forth fully herein.

115. The Section III – Acts, Errors or Omissions Liability Coverage is defined under the Policy.

116. Although Section III is defined in the coverages of the Policy, the Policy contains an endorsement included with the Policy that modifies the coverage form.

117. The Endorsement, CA 25 63 10 13, is an Exclusion specifically stating that Section III – Acts, Errors or Omissions Liability Coverage does not apply and that none of the references to "Acts, Errors or Omissions" Liability Coverages or Acts, Errors or Omissions Liability in the Coverage Form, Declarations or any endorsement attached to the Coverage Form apply.

118. Accordingly, coverage is excluded for the Lawsuit under the Acts, Errors, or Omissions Liability Coverage.

119. By reason of the foregoing, Century is entitled to a declaration that it owes no duty to defend and/or indemnify Off Lease or Molano for the Lawsuit, as the Endorsement, CA 25 63 10 13 excludes coverage for Section III in accordance with the Policy.

## COUNT VIII
### (Coverage is excluded for the negligent entrustment claim in the Lawsuit)

120.    Century repeats and realleges each of the foregoing paragraphs as if set forth fully herein.

121.    The Policy contains a Special Exclusions and Limitations Endorsement, which modifies the Auto Dealers Coverage Form.

122.    As to Section I – Covered Auto Coverages and Section II – General Liability Coverages, there is a special exclusion for negligent entrustment.

123.    Per the endorsement, CAG 1701 0223, the Policy does not apply to Negligent Entrustment.

124.    This includes "bodily injury" arising out of or resulting from in whole or part, the negligent entrustment of any "auto".

125.    The Plaintiff's Complaint in the Lawsuit contains allegations of negligent entrustment. See, *Exhibit B* Complaint, ¶¶ 82-83.

126.    Therefore, coverage is excluded for the negligent entrustment claim in this Lawsuit.

127.    By reason of the foregoing, Century is entitled to a declaration that it owes no duty to defend and/or indemnify Off Lease or Molano. Endorsement, CAG 1701 0223 excludes coverage for the negligent entrustment claim in accordance with the Policy.

## COUNT IX
### (Coverage is excluded for the Lawsuit under the Leased, Rented or Auto provision)

128.    Century repeats and realleges each of the foregoing paragraphs as if set forth fully herein.

129.    The Special Exclusions and Limitations Endorsement modifies the Exclusions within Section I – Covered Autos Liability Coverage.

130.    Per the endorsement, CAG 1701 0223, the Leased Auto Exclusion is deleted in its entirety and replaced with an exclusion stating that, "the insurance does not apply to 'bodily injury' or 'property damage' arising out of the ownership, maintenance, or use of any covered 'auto' loaned to others."

131.    In the Lawsuit, the Complaint alleges that the 2016 Toyota Camry may have been loaned to Pineros-Molano. See, *Exhibit B* Complaint, ¶ 42.

132.    Therefore, coverage for this Lawsuit would be excluded under the Leased, Rented or Auto provision contained in the Special Exclusions and Limitations Endorsement had the 2016 Toyota Camry been loaned to Pineros-Molano as alleged.

133.    By reason of the foregoing, Century is entitled to a declaration that it owes no duty to defend and/or indemnify Off Lease, Molano, or Pineros-Molano for the Lawsuit as Endorsement, CAG 1701 0223 excludes coverage if the vehicle had been loaned to Pineros-Molano as alleged, in accordance with the Policy.

**COUNT X**
**(Coverage is excluded under the Transfer of Ownership or Possession Exclusion)**

134.    Century repeats and realleges each of the foregoing paragraphs as if set forth fully herein.

135.    In the Lawsuit, Plaintiff alleges that Pineros-Molano purchased the 2016 Toyota Camry from Off Lease. See, *Exhibit B* Complaint, ¶36.

136.    The Special Exclusions and Limitations Endorsement, which modifies the exclusions of Section I – Covered Autos Liability Coverage, adds an exclusion regarding the Transfer of Ownership or Possession.

137.    Per the added exclusion, the insurance does not apply to "bodily injury" or "property damage" occurring after the transfer of title or possession of an "auto" that has been surrendered to another person pursuant to a sale.

138.    Coverage for this Lawsuit would be excluded under the Transfer of Ownership or Possession Exclusion contained within the Special Exclusions and Limitations Endorsement of the Policy.

139.    The Special Exclusions and Limitations Endorsement provides that in the event a Policy exclusion is deemed unenforceable, the maximum Limits of Insurance for Covered Auto Liability is the compulsory or financial responsibility law limit of the state where the "accident" or "loss" occurred.

140.    This endorsement further modifies the Policy and provides that should vicarious liability be imposed upon the "insured" as a result of an "accident" in the course of operating a covered "auto", the maximum limit of liability is the compulsory or financial responsibility law limit of the state where the "accident" or "loss" occurred.

141.    This modification to the Policy is inapplicable as the 2016 Toyota Camry is not a covered "auto" under the Policy.

142.    Therefore, coverage for this Lawsuit would be excluded under the Transfer of Ownership or Possession Exclusion had the 2016 Toyota Camry been purchased by Pineros-Molano as alleged. Additionally, the potential modification of the Policy is inapplicable because the 2016 Toyota Camry is not a covered "auto" under the Policy.

143.    By reason of the foregoing, Century is entitled to a declaration that it owes no duty to defend and/or indemnify Off Lease, Molano or Pineros-Molano as the Special Exclusions and Limitations Endorsement excludes coverage if the vehicle had been purchased by Pineros-Molano

31

as alleged, in accordance with the Policy. Additionally, Century is entitled to a declaration that it owes no coverage as the potential modification of the Policy here is inapplicable.

## COUNT XI
### (Coverage is excluded under the Covered Autos Personal Use Limitation)

144.    Century repeats and realleges each of the foregoing paragraphs as if set forth fully herein.

145.    The Policy contains an Endorsement, Limitation – Covered Autos Personal Use, CAG 1704 0519.

146.    This modification to the Policy provides that personal use of a covered auto for operations not directly related to the "auto dealer operations" is limited to use by individuals named in the schedule.

147.    Pineros-Molano's name does not appear in the schedule.

148.    Moreover, discussed *supra.,* the 2016 Toyota Camry is not a covered auto.

149.    If required, coverage under this endorsement would be limited to the financial responsibility limit of the state where the "accident" or "loss" occurred.

150.    Therefore, coverage for this Lawsuit would be excluded because Pineros-Molano's name does not appear in the schedule on the Policy and the 2016 Toyota Camry is not a covered auto under the Policy.

151.    By reason of the foregoing, Century is entitled to a declaration that it owes no duty to defend and/or indemnify Off Lease, Molano or Pineros-Molano as the Covered Auto Personal Use Limitation applies only to individuals named in the Schedule, of which Pineros-Molano is not one, and to covered autos, of which the 2016 Toyota Camry is not one, in accordance with the Policy.

32

## COUNT XII
### (Coverage is excluded under the Drivers Under the Age of 21 Endorsement)

152. Century repeats and realleges each of the foregoing paragraphs as if set forth fully herein.

153. The Policy contains an endorsement, Drivers Under the Age of 21, CAG 1717 0623.

154. Upon information and belief, based upon Century's investigation, Pineros-Molano was under the age of twenty-one (21) at the time of the accident.

155. The endorsement modifies the Policy for Covered Autos Liability Coverage to state that the Limit of Liability shall not exceed the compulsory or financial responsibility law limit required by the state in which the "accident" occurs.

156. This reduced limit applies even if the claims involve the negligence or entrustment of that "insured" if the "accident" or "loss" which caused the "bodily injury" or "property damage" involved the ownership, maintenance or use of any "auto" that is owned or operated by or rented or loaned to any "insured."

157. This same endorsement modifies the Policy to add an exclusion to General Liability Coverage whereby the insurance does not apply to the use of any "auto" giving rise to the "bodily injury" or "property damage" caused by any driver under the age of twenty-one (21).

158. This exclusion applies even if the claims against any "insured" allege negligence or entrustment to others by that "insured", if the event giving rise to the "loss", glass breakage, "bodily injury", "property damage", damages, or medical expenses involved the use of any "auto" by any driver who was under the age of twenty-one (21).

159. Accordingly, this exclusion would exclude coverage for the negligence and negligent entrustment claims of this Lawsuit.

33

160.    By reason of the foregoing, Century is entitled to a declaration that it owes no duty to defend and/or indemnify Off Lease, Molano, or Pineros-Molano as the Drivers Under the Age of 21 Endorsement excludes coverage for drivers under the age of twenty-one (21), as Pineros-Milano is alleged to be, in accordance with the Policy.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner Century Surety Company requests that judgment be entered in its favor and against Off Lease, Molano and Pineros-Molano, and asks this Court to:

A.    Declare the rights and liabilities of Century and Off Lease, Molano and Pineros-Molano with respect to the Policy;

B.    Declare that Century has no duty to defend and/or indemnify Off Lease, Molano or Pineros-Molano in connection with the Underlying Lawsuit:

i.    That there is no coverage available to Off Lease, Molano or Pineros-Molano as the 2016 Toyota Camry does not meet the definition of a covered auto.

ii.    That there is no coverage available to Off Lease, Molano or Pineros-Molano as Pineros-Molano does not meet the definition of an insured and the 2016 Toyota Camry is not a covered auto.

iii.    That there is no coverage available to Off Lease, Molano or Pineros-Molano because despite the allegation that Pineros-Molano was an employee, he was not performing duties related to the "auto dealer operations", nor was he acting within the scope of his alleged employment.

iv.    That coverage is excluded under Exclusion g of the General Liability coverage exclusion, as modified, as the accident in the Lawsuit involved an auto and the allegations in the Lawsuit include negligent entrustment.

34

v.     That coverage is excluded under the Section III Criminal, Fraudulent, Malicious, Dishonest or Intentional Acts exclusion, as Molano violated Virginia law by not ensuring the 2016 Toyota Camry had liability insurance, as alleged.

vi.    That there is no coverage available to Off Lease, Molano or Pineros-Molano under the Other Insurance Condition of the Policy, as the 2016 Toyota Camry is not a covered "auto".

vii.   That coverage is excluded under the Section III endorsement, making the Acts, Errors Or Omissions Liability Coverage inapplicable.

viii.  That coverage is excluded for Plaintiff's negligent entrustment claim under the Special Exclusions and Limitations Endorsement, as that exclusion specifically modifies the Policy to not provide coverage for any negligent entrustment claim.

ix.    That Coverage is excluded under both the Special Exclusions and Limitations Endorsement and the Leased, Rented or Auto Provision, as the 2016 Toyota Camry was loaned to Pineros-Molano, as alleged in Plaintiff's Complaint.

x.     That coverage is excluded under the Transfer of Ownership or Possession Exclusion as it is alleged that Pineros-Molano purchased the 2016 Toyota Camry. Additionally, the Special Exclusions and Limitations Endorsement is inapplicable, as the 2016 Toyota Camry is not a covered auto under the Policy.

xi.  That coverage is excluded under the Covered Autos Personal Use Limitation as the 2016 Toyota Camry is not a covered auto and Pineros-Molano is not listed on the schedule under the Policy.

xii.  That coverage is excluded under the Drivers Under the Age of 21 Endorsement of the Policy due to Pineros-Molano being under the age of twenty-one (21).

C.  Award Century such other and further relief as this Court deems just and proper.

Dated the 23rd day of February, 2026.

Petitioner,
**CENTURY SURETY COMPANY,**
**By Counsel**:

*/s/ Debra Tedeschi Varner*

Debra Tedeschi Varner (WV State Bar #6501)
dtvarner@vv-wvlaw.com
Varner & Van Volkenburg, PLLC
360 Washington Avenue
Clarksburg, WV 26301
Tel: (304) 918-2840 / Fax: (304) 362-0124